# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 485 | **DATE** | 3/26/2001 |
| **CASE TITLE** | USA vs. David Mooney | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly the motion for new trial is granted as to Count Three in the manner allowed by Fed. R. Crim. P. 33 for bench trials. This court vacates the judgment of guilty as to Count Three for the purpose of taking additional testimony, limited to further cross-examination of Agent Feudner in the respects barred by this Court's in-trial rulings. Counsel for Mooney and for the government are requested to apprise this Court as soon as possible as to the dates of their availability.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 27 2001 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 3/27/2001 date mailed notice | 66 |
| SN | courtroom deputy's initials | 01 MAR 27 PM 2:45 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,            )
                                      )
              Plaintiff,              )
                                      )
         v.                           )   No.  99 CR 485
                                      )
DAVID S. MOONEY,                      )
                                      )
              Defendant.              )

MEMORANDUM OPINION AND ORDER

After considerable vacillation on the part of defendant David Mooney ("Mooney") during the course of the two most recent in-court hearings, at the conclusion of the last one (on March 19, 2001) the volatile Mooney decided to withdraw his effort to proceed pro se,[1] hence retaining the representation by his counsel, Thomas Durkin and Patrick Blegen. That allowed attorneys Durkin and Blegen to file, on the same March 19 date, Defendant's Motion for a New Trial, to which this memorandum opinion and order now turns.

As this Court explained orally during the earlier proceeding

---

[1] In part that decision on Mooney's part occasioned his withdrawal of his self-prepared "Motion For Acquittal, and Vacation of order of Conviction Due to Government's Violations of Defendants 14th Amendment Due Process Rights of the Constitution," which had reflected--as did Mooney's oral statements on the subject--a basic misconception of the proceedings under 18 U.S.C. §4241(a)("Section 4241(a)") that were described and ruled upon in this Court's November 20, 2000 memorandum opinion and order. It continues to be impossible to convey to nonlawyer Mooney the thrust and effect of the two alternatives that are spelled out in Section 4241(a) and of this Court's finding as to the second--but not as to the first-of those alternatives regarding Mooney.

in the case in which it addressed its findings and conclusions reached in consequence of the conclusion of Mooney's bench trial, its own research and that of its law clerk--and not that of either side's attorneys--had uncovered the opinion in United States v. Saunders, 166 F.3d 907 (7th Cir. 1999), dealing with criminally cognizable threats against federal governmental personnel. Saunders, id. at 912 first reconfirmed established Seventh Circuit doctrine (also true in other Circuits) that the concept of a "true threat" necessary to ground a conviction under 18 U.S.C. §115(a)(1)(B) requires that the statement be made "in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates a statement as a serious expression of an intention to inflict bodily harm upon or to take the life of" the target of the threat. But Saunders then went on to say that although the primary focus for that purpose (consistently with the statutory language) was on the speaker's mindset ("whether a reasonable person uttering the statement would foresee that the recipient would interpret the statement as a serious expression of an intent to harm," id. at 913 n.6), it is also true that "both the victim's response to a statement and the victim's belief that it was a threat" (id. at 913 & n.7) may also be treated as relevant evidence.

During Mooney's bench trial this Court, then unaware of

2

Saunders (with defense counsel and government counsel not having done their homework on the subject to call the case to this Court's attention), had limited the opportunity of Mooney's counsel to cross-examine Secret Service Agent Denise Feudner in that respect. No decision is of course made at this point as to whether or not such further cross-examination, together with any other aspects of the already-received trial evidence, would cause the government to fail in its obligation to prove Mooney's guilt on Count Three beyond a reasonable doubt. But under the circumstances it seems clear that the proofs should be reopened to allow further examination of Agent Feudner under the teaching of Saunders.

Accordingly the motion for new trial is granted as to Count Three in the manner allowed by Fed. R. Crim. P. 33 for bench trials. This Court vacates the judgment of guilty as to Count Three for the purpose of taking additional testimony, limited to further cross-examination of Agent Feudner in the respects barred by this Court's in-trial rulings. Counsel for Mooney and for the government are requested to apprise this Court as soon as possible as to the dates of their availability and that of Agent Feudner to permit the scheduling of such additional testimony for the completion of the trial.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 26, 2001

3